# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FORT SMITH DIVISION

**JEPHETH D. CHAFFIN**                                             **PLAINTIFF**

      **v.**            **Civil No. 05-2061**

**CITY OF FORT SMITH, ARKANSAS**                                   **DEFENDANT**

## O R D E R

Now on this 19th day of October, 2005, comes on for consideration defendant's **Motion For Summary Judgment** (document #8), to which plaintiff has made no response, and from said motion, and the supporting documentation, the Court finds and orders as follows:

1. Plaintiff brings this suit pursuant to Title VII, claiming racial discrimination in his employment by defendant. Defendant denied the material allegations of the Complaint, and now moves for summary judgment, contending that plaintiff cannot establish the necessary elements of his claims. Plaintiff has not responded to the motion, although the Court pointed out his lack of response in its Order dated August 16, 2005, and noted that it would allow plaintiff to file a belated response on or before September 1, 2005, after which the motion would be ruled upon, regardless of whether plaintiff had responded.

2. Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is

entitled to judgment as a matter of law. **Walsh v. United States**, **31 F.3d 696 (8th Cir. 1994)**. Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of the nonmoving party. **Hardin v. Hussmann Corp.**, **45 F.3d 262 (8th Cir. 1995)**. The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute; however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute. **City of Mt. Pleasant, Iowa v. Associated Electric Co-op**, **838 F.2d 268 (8th Cir. 1988)**.

3. In support of its motion, defendant filed a Statement Of Material Undisputed Facts. Plaintiff has not denied any of these facts, and pursuant to **Local Rule 56.1**, they are deemed admitted. Those facts are as follows:

* Defendant is an "employer" within the meaning of Title VII.

* Defendant hired plaintiff as a seasonal employee for the period of April 5, 2004, to September 7, 2004. Plaintiff remained employed throughout this period.

* Each new employee of defendant is provided with a handbook of defendant's human resource policies. These policies include information on defendant's policy of harassment, and how to make a complaint of harassment if it becomes necessary.

* On June 23, 2004, four employees, including plaintiff, found a rope tied into a noose in a building owned by defendant. The employees brought the noose to the attention of defendant's Parks and Recreation Department.

* An investigation into the incident was carried out on June 24, 2005. The person who tied the noose was identified and received counseling on defendant's harassment policy. A meeting was held with all staff of the Department to reinforce defendant's policy on equal treatment of all employees, and to stress that defendant will not tolerate behavior that violates this policy.

* On July 13, 2004, plaintiff filed a Charge of Discrimination with the EEOC, alleging that he had been subjected to discrimination on the basis of his race.

* The EEOC mailed a Notice of Suit Rights to plaintiff on January 10, 2005.

* Plaintiff's suit was filed on April 8, 2005, *nunc pro tunc* April 7, 2005.

* It is defendant's policy to have regular full-time employees drive its vehicles whenever possible. When no full-time employee is available, the supervisor determines who will drive based on the driving experience and assigned responsibilities of available seasonal workers.

4. The Court commences its disposition of the pending motion by ascertaining what causes of action plaintiff asserts.

The allegations of a *pro se* complaint are held to "less stringent standards then formal pleadings drafted by lawyers," **Haines v. Kerner, 404 U.S. 519 (1972),** and the Court must, therefore, read the document liberally to construe the true nature of the allegations.[1]

Plaintiff's EEOC Charge of Discrimination (presumably filled out with the assistance of EEOC personnel) makes the following allegations:

* that racial remarks had been made in his presence;
* that he was not allowed to drive the Departmental vehicle;
* that he was forced to perform duties others were not asked to perform;
* that the noose had been found and he did not believe anything had been done about that situation; and
* that his supervisor told him he "looked like a thug" and did not trust him to drive the vehicle.

Plaintiff's *pro se* Complaint makes the following allegations:

* that co-workers physically and verbally abused, harassed, and threatened him;
* that his supervisor encouraged his co-workers to harass him to try to make him quit his job;

---

[1] The rule of Haines v. Kerner does not extend to rules of procedure, as the Eighth Circuit made clear in Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852 (8th Cir. 1996)("In general, pro se representation does not excuses a party from complying with a court's orders and with the Federal Rules of Civil Procedure").

-4-

- * that he was forced to perform duties that others were not asked to do;
- * that his supervisor constantly badgered him; and
- * that his supervisor insinuated he was a gang member by "throwing up" gang signs at him and telling him he looked thuggish.

Giving the Complaint a liberal interpretation, fleshed out by the EEOC Charge of Discrimination, the Court finds that plaintiff has stated a claim that he was subjected to a racially hostile work environment and that he was constructively discharged.

5. In order to establish a hostile environment claim under Title VII, plaintiff must prove the following:

- * that he is a member of a protected group;
- * that he was subjected to unwelcome harassment;
- * that the harassment was because of his membership in the protected group; and
- * that the harassment affected a term, condition, or privilege of his employment.

**Singletary v. Missouri Department of Corrections, 423 F.3d 886 (8th Cir. 2005).**

Plaintiff is black, and is, therefore, a member of a protected group. He alleges that "racial remarks" were made in his presence, and that a noose was left on a table where he and others found it. These allegations -- if proved -- would

establish that he suffered harassment based on race. He claims that such treatment was subjectively unwelcome, and the Court believes reasonable finders of fact could also determine that it would be objectively unwelcome. Thus the claim turns, as did that in **Singletary**, on whether the alleged harassment affected a term, condition, or privilege of plaintiff's employment.[2]

> For harassment to affect a condition of employment the conduct must be severe as it would be viewed objectively by a reasonable person and as it was actually viewed subjectively by the victim. Hostile work environment harassment occurs when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. To decide whether a work environment is objectively offensive, that is, one which a reasonable person would find hostile or abusive, we examine all the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, and whether the conduct unreasonably interfered with the employee's work performance.

**Singletary**, **423 F.3d at 892-93** (internal citations and quotation marks omitted).

In **Singletary**, the Eighth Circuit points out that racial slurs, while morally repulsive, do not necessarily establish a hostile environment case. It is the pervasiveness of such language, and the degree to which it is directed at the plaintiff,

---

[2] Defendant proposes, in its Statement Of Material Undisputed Facts, that plaintiff "was not deprived of any terms or conditions of his seasonal employment." While plaintiff did not object to this proposition, the Court declines to treat it as an undisputed proposition that none of the terms or conditions of plaintiff's employment were "affected." While there might be some overlap, the terms "deprived" and "affected" are not synonymous.

that must be evaluated. In the case at bar, it is impossible to evaluate the level and degree of racially derogatory remarks. Defendant's showing in support of its motion does not touch that issue, and thus plaintiff is not put to his proof on that issue. However, the allegations are sufficiently specific -- and sufficiently serious -- to require one party or the other to come forward with evidence. The Court therefore finds that defendant's motion, as it pertains to plaintiff's claim of a hostile work environment, must be denied.

6. With regard to plaintiff's constructive discharge claim, the result is different. "A constructive discharge occurs when an employee resigns after the employer has created an intolerable working environment in a deliberate attempt to compel such a resignation." **MacGregor v. Mallinckrodt, Inc., 373 F.3d 923 (8th Cir. 2004).** Here, it is undisputed that plaintiff worked the full length of his term of seasonal employment, neither being terminated nor resigning during that time. Plaintiff is, therefore, unable to establish an essential element of this claim, and summary judgment will be granted as to it.

**IT IS THEREFORE ORDERED** that defendant's **Motion For Summary Judgment** (document #8) is **granted in part and denied in part**.

The motion is **granted** insofar as it seeks summary judgment in favor of defendant on plaintiff's claim of constructive discharge, and that claim is **dismissed.**

The motion is **denied** insofar as it seeks summary judgment in favor of defendant on plaintiff's claim of racially hostile work environment.

**IT IS SO ORDERED.**

                                             **/s/ Jimm Larry Hendren**
                                             **JIMM LARRY HENDREN**
                                             **UNITED STATES DISTRICT JUDGE**