**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION**

**JEPHETH D. CHAFFIN**                                                                     **PLAINTIFF**

           **v.**                     **Civil No. 05-2061**

**CITY OF FORT SMITH, ARKANSAS**                                              **DEFENDANT**

## MEMORANDUM OPINION

Now on this 23d day of December, 2005, comes on for consideration defendant's **Second Motion For Summary Judgment** (document #18), to which plaintiff has made no response, and from said motion, and the supporting documentation, the Court finds and orders as follows:

1.   Plaintiff claims, in this Title VII suit, that he was subjected to a hostile work environment based on race.[1]

Defendant denied the material allegations of the Complaint, and now moves for summary judgment, contending that plaintiff cannot establish the necessary elements of this claim.

Plaintiff has not responded to the motion, although he is aware, through earlier proceedings in this case, that a response is necessary if he is to protect his legal position.

2.   Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is

---

[1]The Court previously dismissed a constructive discharge claim.

entitled to judgment as a matter of law. **Walsh v. United States, 31 F.3d 696 (8th Cir. 1994).** Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of the nonmoving party. **Hardin v. Hussmann Corp., 45 F.3d 262 (8th Cir. 1995).** The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute; however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute. **City of Mt. Pleasant, Iowa v. Associated Electric Co-op, 838 F.2d 268 (8th Cir. 1988).**

    3. In order to establish a hostile environment claim under Title VII, plaintiff must prove the following:

- that he is a member of a protected group;
- that he was subjected to unwelcome harassment;
- that the harassment was because of his membership in the protected group; and
- that the harassment affected a term, condition, or privilege of his employment.

**Singletary v. Missouri Department of Corrections, 423 F.3d 886 (8th Cir. 2005).**

    4. Plaintiff is black, and is, therefore, a member of a protected group. Taking into account his EEOC charge and his Complaint, he alleges the following as acts of harassment:

- that racial remarks were made in his presence;
- that he was not allowed to drive the Parks Department vehicles;
- that he was forced to perform duties others were not asked to perform;
- that he and others found a noose left in a Parks Department area;
- that his supervisor told him he "looked like a thug" and did not trust him to drive the vehicle;
- that co-workers physically and verbally abused, harassed, and threatened him;
- that his supervisor encouraged his co-workers to harass him to try to make him quit his job;
- that he was forced to perform duties that others were not asked to do;
- that his supervisor constantly badgered him; and
- that his supervisor insinuated he was a gang member by "throwing up" gang signs at him and telling him he looked thuggish.

5. In support of its Second Motion For Summary Judgment, defendant offers several affidavits which, taken all together, indicate that, with the possible exception of the noose incident, none of the racial incidents alleged by plaintiff actually occurred, and that the treatment plaintiff experienced was no

different from that experienced by every other employee similarly situated, *viz*:

    \* James Mackey, Supervisor of the Parks Department, averred that he enforced a policy against racial harassment, discrimination, and retaliation; that plaintiff made no complaints of any such conduct -- with the exception of the noose incident, which was promptly investigated and resulted in discipline and counseling for affected employees; and that, other than the noose incident, he knew of no abuse, harassment, discrimination, retaliation, or use of gang signs experienced by plaintiff.

    \* Darrell Taylor who -- like plaintiff -- is black, averred that he is a permanent full-time employee of the Parks Department, and worked alongside plaintiff (who was a temporary seasonal employee) on the trash collection crew; that he observed no racial remarks, verbal or physical abuse, threats, racial harassment, discrimination, or use of gang signs toward plaintiff; and that plaintiff was treated the same as everyone else on the crew.

    \* James Jackson, a temporary seasonal employee like plaintiff, averred that plaintiff was "treated the same as everyone else"; that he witnessed no racial remarks, verbal or physical abuse, threats, harassment, discrimination, or use of gang signs; and that Mackey had a strict policy against harassment, and would have immediately fired anyone who made racial remarks.

6. As already noted, plaintiff has not responded to defendant's second motion. Thus, he has not countered the foregoing affidavits, or tried in any way to "meet proof with proof" as is required under **F.R.C.P. 56.**

Even looking at the evidence before it in the light most favorable to plaintiff, the Court notes that the sole incident of which he complains which is shown to have occurred -- the noose incident -- is not, standing alone, evidence of a workplace "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [plaintiff's] employment and create an abusive working environment," as required under **<u>Singletary v. Missouri Department of Corrections</u>, 423 F.3d 886 (8th Cir. 2005)**. Accordingly, the Court finds that plaintiff has failed to demonstrate the existence of a genuine issue of fact as to whether he was subjected to unwelcome harassment; whether any harassment was because of his race; or whether any harassment affected a term, condition, or privilege of his employment.

Since plaintiff has failed to demonstrate the existence of a genuine issue of material fact as to several of the essential elements of his claim, his case is subject to summary dismissal on a proper motion.

**IT IS THEREFORE ORDERED** that, for reasons set out above, defendant's **Second Motion For Summary Judgment** (document #18) is

**granted,** and plaintiff's claim will be dismissed by separate Order entered contemporaneously herewith.

**IT IS SO ORDERED.**

                                                                      /s/ Jimm Larry Hendren
                                                           **JIMM LARRY HENDREN**
                                                           **UNITED STATES DISTRICT JUDGE**