IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                     FORT SMITH DIVISION

**JEPHETH D. CHAFFIN**                                              **PLAINTIFF**

            **v.**           Civil No. 05-2061

**CITY OF FORT SMITH, ARKANSAS**                                    **DEFENDANT**

                           **O R D E R**

   Now on this 10th day of April, 2006, comes on for consideration defendant's **Motion For Attorney Fees** (document #24), to which plaintiff has made no response, and from said motion, and the supporting documentation, the Court finds and orders as follows:

   1.   Plaintiff brought suit, pursuant to **Title VII,** claiming that while employed by defendant he was subjected to a hostile work environment based on race, and that he was constructively terminated.  Summary judgment was entered in favor of defendant on both claims, and defendant now petitions for an award of attorney's fees.

   2.   Pursuant to **42 U.S.C. §2000e-5(k),** "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs."  When costs are allowed, they are included in the judgment.  **28 U.S.C. §1920.**

   In this case, defendant is clearly the prevailing party.  It support of its fee petition, it offers the Affidavit of Mark Horoda, stating that 43.6 hours of attorney time, and 75.9 hours

of paralegal time[1] were expended by his law firm in representing the defendant. The rate proposed is $105.00 per hour for attorney time and $45.00 per hour for paralegal time, for a total fee request of $7,993.50.

3. Plaintiff does not respond, either to challenge defendant's right to receive fees, or to question the number of hours or the rate for services. This lack of response is in keeping with plaintiff's conduct throughout this case. Plaintiff's failure to respond to motions, coupled with his failure to come forward with any evidence that would establish a genuine question of material fact as to any issue he would have to prove to prevail on his claims, persuades the Court that an award of attorney's fees to defendant are justified. While fee awards to prevailing defendants under **42 U.S.C. §2000e-5(k)** cannot be made simply because a plaintiff does not prevail, they are justified "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." **Christiansburg Garment Co. v. Equal Employment Opportunity Commission**, **434 U.S. 412, 421 (1978)**. The Court believes that standard is met here.

4. Attorney fees awarded under fee-shifting statutes are generally calculated by multiplying the number of hours reasonably

---

[1] It appears that the paralegal services are the work of one or more law clerks performing legal research and drafting services.

expended on the litigation by a reasonable hourly rate. **City of Burlington v. Dague, 505 U.S. 557 (1992).** The resulting figure is the "lodestar," and there is a strong presumption that the lodestar represents a reasonable attorney's fee.

What constitutes a reasonable hourly rate is determined by the prevailing rate, i.e., the ordinary rate for similar work in the community where the case has been litigated. **Moysis v. DTG Datanet, 278 F.3d 819 (8th Cir. 2002).** The party requesting the fee award bears the burden of substantiating the requested rate as well as the hours expended. **Hensley v. Eckerhart, 461 U.S. 424 (1983).**

5. The Court has reviewed the fee petition, and finds both the rate and the number of hours reasonable. Although the defendant does not offer any evidence as to the prevailing rate in the community for services similar to those performed in this case, "courts may draw on their own experience and knowledge of prevailing market rates" in determining a reasonable rate. **Warnock v. Archer, 397 F.3d 1024 (8th Cir. 2005).** The Court has had similar applications before it on other occasions, and is aware that $105.00 per hour is not an excessive rate for the type of attorney services provided in this case, and that $45.00 is not excessive for a paralegal. These rates will, therefore, be approved, and fees will be awarded as requested.

**IT IS THEREFORE ORDERED** that defendant's **Motion For Attorney Fees** (document #24) is **granted,** and defendant is awarded judgment for attorney's fees in the sum of Seven Thousand Nine Hundred Ninety-Three and 50/100 Dollars ($7,993.50).

**IT IS SO ORDERED.**

                                         **/s/ Jimm Larry Hendren**
                                         **JIMM LARRY HENDREN**
                                         **UNITED STATES DISTRICT JUDGE**